UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
New Haven Division

IN RE:
NORMAN GEORGE CAMERON                    : 3:18-cv-01165-JCH

<u>APPELLANT</u>
NORMAN GEORGE CAMERON

V.

<u>APPELLEE</u>
PHH MORTGAGE CORPORATION                 : NOVEMBER 9, 2018


**<u>MEMORANDUM OF LAW IN SUPPORT OF PHH MORTGAGE CORPORATION'S MOTION TO DISMISS</u>**

PHH MORTGAGE CORPORATION ("Appellee") respectfully offers this Memorandum of Law in Support of its Motion to Dismiss this appeal filed on July 13, 2018 by Norman George Cameron ("Appellant") on the basis that 1) the bankruptcy court's decision to lift the stay was within its discretion based upon a showing of a colorable claim; 2) the Appellant is barred under Res Judicata from challenging Appellee's claim; 3) the Appeal is frivolous.

**A. The Order granting relief from stay was within the discretion of the Bankruptcy Court to grant.**

Pursuant to 11 U.S.C. §362(d), on request of a party in interest and after notice and hearing, the court shall grant relief from stay by terminating such stay (1) for cause, including the lack of adequate protection of an interest in property or if (2) the debtor does not have any equity in such property and (3) such property is not necessary for an effective reorganization.

In the instant case, Appellee filed its Motion for Relief from Stay which met all three of the above requirements of which was expressly found by the Honorable James J. Tancredi in his Ruling on Motion for In Rem Relief from Stay. (see Exhibit 1). Within that ruling, the Honorable James T. Tancredi took judicial notice of his Ruling entered by him in Cameron V. PHH Mortg. Corp. et al, Adv. Pro. No. 17-02022 (JJT) (Bankr. D. Conn. Feb. 1, 2018), ECF No. 42 (see Exhibit 2) wherein the court found the that both the Appellant and his wife Melissa Cameron had engaged in a tortuous history of litigation which established a pattern of dilatory, meritless and abusing filings to date. The Court further took judicial notice of the Order entered by it which sanctioned the Appellant in the same case on March 27, 2018, ECF 63. (see Exhibit 3). The Court further denied the Appellants filing of two Motions to Reconsider that Ruling on In Rem Relief from Stay for the same reasons. (see Exhibit 4). Lastly, the Appellant filed a Motion to have the District Court Appeal waived which was denied by docket entry, ECF 66 dated August 21, 2018, stating: **ORDER** *Application is DENIED as (1) appeal is utterly without merit and for purposes of delay, harassment and the multiplication of wasteful duplicative proceedings; 2) Debtor is not without access to employment and recourses, including a property he claims is worth $1million 3) Debtor's assertion of no funds is not credible and not back with any current, detailed or meaningful sworn financial disclosures.* (see Exhibit 5). At the same time, the Appellant filed a Motion to Recuse the Honorable Judge J. Tancredi which was also denied. The Appellee maintains that this instant Appeal is yet another dilatory, meritlous, and abusive filing brought on by the Appellant.

In *In re Escobar*, 2011 Bankr. LEXIS 3172 (E.D.N.Y), the court stated "that when a bankruptcy court grants a motion for relief form stay, it is generally not determining that the movant holds a valid, perfected, and enforceable lien, just as denying a stay relief motion generally does not constitute a determination that the movant does not hold a valid, perfected and enforceable lien. Congress intended

that stay relief litigation be summary in fashion and expeditious in time. The granting stay relief returns the parties to the auspices of the court of competent jurisdiction to determine, on the merits, the relative rights, liabilities, and responsibilities of the parties. A party seeking to prove standing must be somewhere along the spectrum of providing some evidence of a litigable right or colorable claim at one end and that it will more likely than not prevail in the underlying litigation stayed by the bankruptcy filing." Similarly, courts are reluctant to find that a proceeding pursuant to *Section 362* provides a basis for *res judicata*. A lift stay proceeding is a quick, summary affair. *Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 219 (4th Cir. 1994)*; *Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 31 (1st Cir. 1994)*. It does not "involve full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a *colorable claim* to property of the [*7] estate." *Grella, 42 F.3d at 32* (emphasis added). Moreover, "[r]elief from the stay is obtained by a simple motion . . . and it is a 'contested matter,' rather than an adversary proceeding" with verified pleadings. *Id. at 33* (quotations omitted). The issues considered in a lift stay proceeding are "limited strictly to adequacy of protection, equity, and necessity to an effective reorganization." *Vitreous Steel, 911 F.2d at 1232*. See also *In re Edwards*, 2011 Bankr. LEXIS 2810 (A.P. 9th Cir.). (A party seeking stay relief need only establish that it has a colorable claim to enforce a right against property of the estate); *In re Drislor Associates*, 110 B.R. 937; 1990 U.S. Dist. LEXIS 1719) (Congress intended that hearings under sec. 362 be expedited, summary proceedings which is clearly reflected in the wording and structure of 362(g) where the stay only remains in place for 30 days.)

In the instant case, the filed Motion for Relief from Stay established a "colorable claim" and a likelihood of succeeding on the merits. Lastly, it is noted that the Appellant lost title to the property on October 15, 2018. The Appellant's request through this Appeal will provide no substantive relief that would otherwise undo that title loss.

a. **The Appellant's Issues are Barred by the Doctrines of Res Judicata, Collateral Estoppel and *Rooker-Feldman*.**

From the outset the Appellant fails to provide facts to this Court that show that the issues in this case have already been fully adjudicated in the underlying foreclosure action in state court which was confirmed on Appeal.

**What the Appellant seeks to do through his Adversary is effectively "appeal" the decision of a prior court decision on the issue of standing. Such attempt is improper and an attempt to "forum-shop". The history of the case as briefly set forth above demonstrates the Appellant's dilatory tactics of which have frustrated the due administration of justice at the trial court and appellate court level.**

Moreover, the *Rooker-Feldman* doctrine applies. Under that doctrine "inferior federal courts have no subject matter jurisdiction over cases that effectively seek review of judgments of state courts." *Moccio v. New York State Office of Admin.*, 95 F.3d 195, 197 (2d Cir. 1996) (lower federal court subject matter jurisdiction is lacking if exercise of jurisdiction results in state court judgment's reversal or modification). "Only the Supreme Court could entertain an appeal to reverse or modify a state court judgment." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 68 L. Ed. 362, 44 S. Ct. 149 (1923). In the present action the Appellant is in effect seeking that this Court review not only the holdings, ruling and judgments of the state trial court but also the decision stemming from his appeal. The *Rooker-Feldman* doctrine in effect prevents the district court from obtaining jurisdiction over an action already litigated in the state court. *See Grasso v. Groton Long point Association, Inc.* 2001 U.S. Dist LEXIS 14339 (2001, D.C. Conn.) The foreclosure action has been tried by the state trial court and appealed. The Appellant again attempts to have issues relitigated by this court of which were already adjudicated.

**As the issue of standing has been fully adjudicated in state court the doctrines of res judicata and collateral estoppel apply.**

It is also apparent that the concepts of res judicata, (claim preclusion) and collateral estoppel (issue preclusion) apply to all civil actions. The Supreme Court held that issues actually litigated in a prior state court action could not be re-litigated in a Federal action. *Allen v McCurry*, 449 U.S. 90, 101 S. Ct. 411, 66 L.Ed. 308 (1980). The court specifically expanded that principal to include issues, which were not litigated in the state court proceeding, but could have been. *Migrate v Warren City School District Board of Education*, 465 U.S. 75, 104 S.C. 892, 79 L.Ed.2d 56 (1984).

"The doctrine of res judicata, or claim preclusion, provides that a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." *Florence Krondes v. Norwalk Savings Society*, 53 Conn. App. 102 (1999). "The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." *Id., citing Delahunty v. Massachusetts Mutual Life Ins. Co.*, 236 Conn. 582 (1996). The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation. These doctrines prevent matters from being relitigated which were previously decided on the merits.

> Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter *which might have been offered* for that purpose. . . . The doctrine of res judicata, therefore, applies not only to claims actually made and litigated . . . but also to claims that a party could have made in the initial action. (Emphasis in original; internal quotation marks omitted.)

*Demilo & Co. v. Commissioner of Motor Vehicles*, 233 Conn. 281, 292-93, (1995). "The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Internal citation omitted.) *Powell v. Infinity Insurance Co.*, 282 Conn. 594, 607 (2007).

"Claim preclusion [res judicata] prevents a litigant from reasserting a claim that has already been decided on the merits . . . Issue preclusion [collateral estoppel], prevents a party from relitigating an issue that has been determined in a prior suit." (Internal quotation marks omitted.) *Nancy G. v. Department of Children & Families*, 248 Conn. 672, 681 (1999). "Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuits. . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment." (Internal quotation marks omitted.) *Cumberland Farms, Inc. v. Groton*, 262 Conn. 45, 58 (2002). "More specifically, collateral estoppel, or issue preclusion ... prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties or those in privity with them upon a different claim." (Citations omitted.) *Powell v. Infinity Ins. Co.*, supra, 282 Conn. 600.

The Supreme Court has held that the prior state court actions preclude subsequent litigation in the federal courts to the extent required by the law of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L. Ed. 2d 56 (1984). These principles have been routinely applied in this Circuit. *Gargiul v Tompkins*, 790 F.2d 265 (2nd Cir.1986, Newman, J.); *Hickerson v City of New York*, 146 F.3d 99 (2nd Cir.1998, Cabaranes, J.). The Supreme Court has felt bound by 28 U.S.C. 1738 which requires full faith and credit be given to the effect of state court judgments. The Supreme Court has stressed the need for

comity with the state courts, the need to prevent vexatious litigation and to conserve judicial resources. Migra, supra. 104 S.Ct. 896-8. "Federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. … 'Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so. …'" *Id*, citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980).

Appellee is asserting that res judicata and collateral estoppel arises out of the entry of a judgment in the state court, it is necessary to examine the holdings of Connecticut courts with regard to collateral estoppel and res judicata. It is clear that Connecticut law takes a broad view of the scope of the doctrines, more than broad enough to cover the issues and claims the Appellee attempts to raise before this court. "Furthermore, the doctrine of claim preclusion … bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made …" (Citations omitted; internal quotation marks omitted.) *Gaynor v. Payne*, 261 Conn. 585, 595-96 (2002). "We emphasize the well settled rule that '[a] judgment is final not only as to every matter which was offered to sustain the claim, *but also as to any other admissible matter which might have been offered for that purpose. . . .* 1 Restatement (Second), [supra] §§ 19, 25; [F.] James & [G.] Hazard, Civil Procedure [2d Ed. 1977] § 11.3. (Citation omitted; emphasis added; internal quotation marks omitted.) *Delahunty v. Massachusetts Mutual Life Ins. Co.,* supra, 236 Conn. 589." *Powell v. Infinity Ins. Co.*, supra, 282 Conn. 607. "The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate … Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest." (Citation omitted; internal quotation marks

omitted.) *Powell v. Infinity Ins. Co.*, supra, 282 Conn. 601-02. The determination as to "whether to apply either doctrine in any particular case 'should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the plaintiff in the vindication of a just claim. . . . These [underlying] purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation. . . . The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest.' (Citation omitted; internal quotation marks omitted.) *Isaac v. Truck Service, Inc.*, 253 Conn. 416, 422-23, 752 A.2d 509 (2000)". *Id.*

"This test measures the preclusive effect of an earlier judgment, and will exclude not only claims which have been asserted but also those which could have been asserted." *Letho v Sproul*, 9 Conn.App. 441, 445 (1986) citing *Duhaime v American Life Reserve Insurance Co.*, 200 Conn. 360, 365 (1986). "...[T]he judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." *Wades Dairy, Inc. v Fairfield*, 181 Conn. App. 556, 559 (1980). "The fact that a prior judicial determination may be flawed, however, is ordinarily insufficient, in and of itself, to overcome a claim that otherwise applicable principles of res judicata preclude it from being collaterally attacked. . . . If the judgment [in the prior action was] erroneous, the unsuccessful party's remedy is to have it set aside or reversed in the original proceedings." *CFM of Connecticut, Inc. v. Chowdhury*, 239 Conn. 375, 395, (1996).

In the present action the issue of Appellee's standing has already been determined, subject to

full adjudication before the state court to a final judgment. This Appeal is dilatory and frivolous.

### B. The appeal is dilatory and frivolous.

In addition to the arguments recited above, Appellee respectfully submits that the present appeal is dilatory and frivolous and as such is proper for dismissal. This Court has previously dismissed appeals of mortgage foreclosure actions where the underlying appeal was frivolous or otherwise sought to achieve delay of the pending foreclosure judgment. In *Glenfed Mortgage Corp. v. Crowley*, 61 Conn. App. 84 (2000), this Court recited, "…we hold that this appeal is frivolous and that there now is no good faith claim that can be raised on appeal. Furthermore, [the defendants] cannot expect this court to allow them to benefit from their pattern of delay tactics." *Id.* at 89.

The prior decisions of the bankruptcy court, the state court, and the appellant court of record clearly reflect that the intent of the filing of this appeal is dilatory which renders the appeal frivolous and subject to dismissal. As set forth in the attached findings, the history clearly shows that the Appellant and his wife Melissa Cameron have used our judicial system as a means to thwart consummation of Appellee's action and continues to do so with this instant Appeal. The Appellant cannot use this Appeal to undo a prior judgment or re-litigate issues already litigated before the State Court, Appellate Court, and Bankruptcy Court to date.

RESPECTFULLY SUBMITTED,
PHH MORTGAGE CORPORATION


By____/s/ Linda J. St. Pierre_____
Linda St. Pierre, Esq. (Fed# 22287)
McCalla Raymer Leibert Pierce LLC
50 Weston Street
Hartford, Ct 06120

Tel.    (860) 240-9156

Certificate of Service

I hereby certify that on November 9, 2018, a copy of the foregoing was electronically filed. Notice of this filing will be sent to all parties entitled to notice by first class mail or by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Linda J. St. Pierre
Linda J. St. Pierre